IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **AMIE NICOLE LYNCH HICKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 7:16-CV-293 |
| | ) |
| **NANCY A. BERRYHILL[1], Acting** | ) |
| **Commissioner of Social Security** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

In this social security case, I recommend that the court dismiss the action because the plaintiff failed to file this action seeking a review of the denial of benefits within the time required under 42 U.S.C. § 405(g).

Plaintiff Amie Nicole Lynch Hicks ("Hicks") filed this action challenging the final decision of the Commissioner determining that she was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. In response, the Commissioner moved to dismiss the action on the ground that Hicks's request for court review was not timely filed. Dkt. No. 10. This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), an individual must file a civil action within sixty days of the mailing of a notice of the Appeal's Council's decision. The Social Security Administration has

---

[1] Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

promulgated regulations extending that time period to sixty days after the individual receives the notice of the Appeal's Council's decision. 20 C.F.R. § 422.210(c). The date of receipt of notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. Id.

The statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). The Fourth Circuit has held that "tolling of the period of limitations will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 377(4th Cir. 1986). Any decision to extend the applicable statute of limitations period is generally the prerogative of the Commissioner, and it is the rare case where the equities in favor of tolling are "so great that deference to the agency's judgment is inappropriate." Mathews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L.E.2d 18 (1976).

Generally, equitable tolling will apply only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Irwin v. Veterans Admin., 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990).  Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id. It is the plaintiff's burden to establish exceptional circumstances to warrant equitable tolling. Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL283205, at *2 (W.D. Va. Feb. 7, 2005).

## ANALYSIS

The Appeals Council denied the plaintiff's request for review on April 15, 2016 (Dkt. No. 12, p. 29), and that decision was mailed to Hicks on that day. Dkt. No. 12, p. 3. Under the regulations, a presumption exists that Hicks received notice of the Appeals Council decision on April 20, 2016, five days after the date of mailing. Hicks's complaint was then due sixty days

after receipt, or June 20, 2016,[2] but she did not file this action until three days later, on June 23, 2016. Dkt. No. 2.

Courts in this district have held that 20 C.F.R. § 422.210(c) establishes a rebuttable presumption that notice of the decision was received within five days. McMahan v. Barnhart, 377 F.Supp.2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)); Parker v. Astrue, No. 5:07CV00037, 2008 WL 3910983, at *1 (W.D. Va. Aug. 25, 2008). Hicks tries to rebut this presumption by stating she indicated in her complaint that she received notice on April 25, 2016, and that recent changes in mail processing have caused delivery delays in her area of residence. Dkt. No. 2, p. 1, Dkt. No. 13, p. 2. Courts have held though that bare allegations of mail service delay are insufficient to rebut the five-day presumption of receipt. See McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir. 1976); Leslie v. Bowen, 695 F.Supp. 504, 506 (D. Kan. 1998); Rouse v. Harris, 482 F.Supp. 766, 760 (D.N.J. 1980); Parker, 2008 WL 3910983, at *2. By merely referencing her complaint in which she provided the date she received notice and stating there is delayed mail processing, Hicks has failed to rebut the presumption. See McCall, 832 F.2d at 864 (finding affidavits from the claimant and the claimant's attorney stating when they received notice failed to rebut the presumption).[3] Therefore, I find Hicks's action was untimely filed.

Hicks also requests that, in the alternative, the court find good cause justifies extending the sixty day limit or excusable neglect justifies her late filing. This is not one of those "rare

---

[2] The sixtieth day plus the five day mailing period occurred on June 19, 2016, but that was a Sunday, so under Rule 6(a) of the Federal Rules of Civil Procedure, an additional day is allowed.

[3] The court, citing to Rouse, 482 F.Supp. at 769, stated: "Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision." McCall, 832 F.2d at 864.

3

cases" in which the application of equitable tolling is appropriate. See e.g., Brown v. Astrue, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013); Thomas v. Astrue, No. 5:12cv00064, 2013 WL 593481 (W.D. Va. Feb. 14, 2013); Parker v. Astrue, No. 5:07cv00037, 2008 WL 2746727 (W.D. Va. July 15, 2008); McMahan v. Barnhart, 377 F. Supp. 2d 534 (W.D. Va. 2005); Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL 283205 (W.D. Va. Feb. 7, 2005). Hicks's assertions do not set forth any of the reasons recognized in Irwin for the application of equitable tolling. See Irwin, 498 U.S. at 96. Hicks's pleadings are not defective, and she has not established in any way that the Commissioner induced or tricked her into not filing a timely appeal. Under these circumstances, I find that Hicks's failure to file in a timely manner has not been equitably tolled.

For these reasons, I **RECOMMEND** that the Court enter an Order **GRANTING** the Commissioner's Motion to Dismiss and **DISMISSING** this action from the docket of the Court.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Entered: April 13, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge