# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| AMIE NICOLE LYNCH HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:16-CV-293 |
| | ) |
| NANCY A. BERRYHILL[1], Acting | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), requires an individual seeking review of a denial of benefits to file an action in federal court within sixty days of the mailing of a notice of the Appeal's Council's decision. Applicable regulations extend the filing period to sixty days after the individual receives notice of the Appeal's Council's decision, which is presumed to be five days after the date of such notice unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

I previously recommended dismissal of this action because the plaintiff failed to file her complaint within the time required under 42 U.S.C. § 405(g). Dkt. 14. Judge Urbanski took my recommendation under advisement and remanded the case to conduct an evidentiary hearing as to the date Plaintiff received notice of the Appeals Council's decision denying her benefits. Dkt. 15. I conducted an evidentiary hearing on June 20, 2017 (Dkt. 18), and I again recommend that the court dismiss this action.

---

[1] Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

## ANALYSIS

The Appeals Council denied the plaintiff's request for review on April 15, 2016 (Dkt. 12, p. 29), and that decision was mailed to Hicks on that day. Dkt. 12, p. 3. Under the regulations, a presumption exists that Hicks received notice of the Appeals Council's decision on April 20, 2016, five days after the date of mailing. Hicks's complaint was then due sixty days after receipt, or June 20, 2016,[2] but she did not file this action until three days later, on June 23, 2016. Dkt. 2.

Courts in this district have held that 20 C.F.R. § 422.210(c) establishes a rebuttable presumption that notice of the decision was received within five days. McMahan v. Barnhart, 377 F.Supp.2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)); Parker v. Astrue, No. 5:07CV00037, 2008 WL 3910983, at *1 (W.D. Va. Aug. 25, 2008). Bare allegations of mail service delay are insufficient to rebut the five-day presumption of receipt. See McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir. 1976); Leslie v. Bowen, 695 F.Supp. 504, 506 (D. Kan. 1998); Rouse v. Harris, 482 F.Supp. 766, 760 (D.N.J. 1980); Parker, 2008 WL 3910983, at *2. "'[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance.'" Parker v. Colvin, No. 2:15CV533, 2017 WL 626750, at *3 (E.D. Va. Feb. 14, 2017) (citing Marte v. Apfel, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998)).

A claimant can make a "reasonable showing" sufficient to rebut the presumption by presenting concrete evidence of late receipt, such as an affidavit attesting to the late notice accompanied by a contemporaneous calendar notation indicating the date of receipt or a date stamped copy signifying receipt of the letter. See Gower v. Shalala, No. 92-0200-W(S), 1993 WL 737965 (N.D. W. Va. 1993); McLaughlin v. Soc. Sec. Admin. Com'r, No. 1:10-CV-00263-

---

[2] The sixtieth day plus the five day mailing period occurred on June 19, 2016, but that was a Sunday, so under Rule 6(a) of the Federal Rules of Civil Procedure, an additional day is allowed.

JAW, 2012 WL 527975, at *2 (D. Me. Feb. 15, 2012), report and recommendation adopted, No. 1:10-CV-00263-JAW, 2012 WL 752354 (D. Me. Mar. 6, 2012); see also Hunt v. Astrue, No. 1:10CV141, 2012 WL 6761418, at *2 (M.D.N.C. 31 Dec. 2012) (finding that sworn statements "without more concrete evidence, are insufficient to rebut the statutory presumption"). A claimant can also rebut the presumption by demonstrating that the Appeals Council's denial notice was mailed more than five days after its issuance date or was mailed to the wrong address. See Parker, 2017 WL 626750, at *3.

Hicks, in her brief, tries to rebut the presumption by stating she indicated in her complaint that she received notice on April 25, 2016 by mail, and recent changes in mail processing have caused delivery delays in her area of residence. Dkt. 2, p. 1, Dkt. 13, p. 2. During the evidentiary hearing, counsel for Hicks testified that he did not receive a decision letter, but instead the plaintiff contacted his office on April 25, 2016 to let him know her appeal was denied. Dkt. 21, p. 4. Counsel did not re-assert any allegations of mail delay, and he testified that he does not know when Hicks received the letter. Id. at 8. Counsel also testified that he does not have a date stamped copy of the letter at his office. Id. at 5, 7. Hicks did not testify or provide any indication that she received the letter late. It is just as likely that Hicks received the unfavorable decision late as it is likely that she simply delayed calling counsel to inform him that she received the decision. In short, Hicks provides no "affirmative evidence" that she received the letter more than five days after issuance. Hicks's counsel though is unsure whether he received a copy of the denial notice by mail because he could not find the letter in his office upon recent investigation. He testified that the individual who would know is currently incapacitated. Dkt. 21, p. 4. Counsel also testified that he did request a copy of the denial letter

from the Commissioner in September or October of 2016, and Defendant faxed a copy at that time. Id. at 5.

The Circuits are split on whether "a claimant's attorney's late receipt of an Appeals Council Notice can extend the time for filing a complaint." Parker, 2017 WL 626750, at *4 (citing Chamberlain v. Colvin, No. 4:15cv31, 2016 WL 2609578, at *2–3 (N.D. Ind. May 5, 2016)). A court in this circuit followed the majority view that "non-receipt by the claimant, not the claimant's attorney, controls the five-day presumption." Parker, 2017 WL 626750, at *4 (citing Ashcraft v. Astrue, No. 5:11-CV-00144-R, 2012 WL 1231789, at *3 (W.D. Ky. Apr. 12, 2012)). Critically though, whether receipt by the claimant or receipt by Hicks's counsel controls here, both Hicks and her counsel have failed to provide affirmative evidence that they received the letter late. The denial notice dated April 15, 2016 was addressed to Hicks and "copied" to her counsel.[3] Dkt. 12, p. 3, 29, 31. The evidence shows that Hicks received the letter on or before April 25, 2016, but the record does not establish the exact date of receipt or that the letter arrived after the presumptive date of April 20, 2016. As to receipt by counsel, Hicks's attorney merely states he could not find the letter in the file, believes he may not have received the letter at all, and did later request another copy from Defendant. Neither Hicks nor her counsel have made a "reasonable showing" sufficient to rebut the presumption that the denial notice was received five dates after its date of issuance. There is no concrete evidence of late receipt. Consequently, Hicks's action is untimely filed.

Hicks also requests that the court find good cause justifies extending the sixty day limit or that excusable neglect justifies her late filing. The statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80, 106

---

[3] Hicks's home address is in Salem, Virginia and her counsel's work address is in Roanoke, Virginia, and there is no indication that Defendant incorrectly listed these addresses when mailing the denial notice. Dkt. 12, p. 3, 31.

S. Ct. 2022, 90 L.Ed.2d 462 (1986). The Fourth Circuit has held that "tolling of the period of limitations will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 377(4th Cir. 1986). Any decision to extend the applicable statute of limitations period is generally the prerogative of the Commissioner, and it is the rare case where the equities in favor of tolling are "so great that deference to the agency's judgment is inappropriate." Mathews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L.E.2d 18 (1976).

Generally, equitable tolling will apply only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Irwin v. Veterans Admin., 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990). Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id. It is the plaintiff's burden to establish exceptional circumstances to warrant equitable tolling. Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL283205, at *2 (W.D. Va. Feb. 7, 2005).

This is not one of those "rare cases" in which the application of equitable tolling is appropriate. See e.g., Brown v. Astrue, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013); Thomas v. Astrue, No. 5:12cv00064, 2013 WL 593481 (W.D. Va. Feb. 14, 2013); Parker v. Astrue, No. 5:07cv00037, 2008 WL 2746727 (W.D. Va. July 15, 2008); McMahan v. Barnhart, 377 F. Supp. 2d 534 (W.D. Va. 2005); Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL 283205 (W.D. Va. Feb. 7, 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Specifically, the Fourth Circuit found equitable tolling warranted where the SSA's

"secretive policy" of failing to follow the law of the relevant circuit resulted in the denial of benefits for a class of claimants. See Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir.1986).

Hicks's pleadings are not defective and she has not established in any way that the Commissioner induced or tricked her into not filing a timely appeal. See Irwin, 498 U.S. at 96. This is also not an extraordinary circumstance warranting equitable tolling due to a "secretive policy" of the SSA. See Hyatt, 807 F.2d at 380–81. Hicks may have waited to contact her counsel after receiving the denial notice, and it is unclear where the copy of the denial notice sent to her counsel went or whether it arrived late. Under these circumstances, I find that Hicks has failed to establish sufficient fact to justify equitably tolling the statute of limitations period.

For these reasons, I **RECOMMEND** that the Court enter an Order **GRANTING** the Commissioner's Motion to Dismiss and **DISMISSING** this action from the docket of the Court.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: August 22, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge